### SHIPMAN v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. RAILROADS (§ 358*)—PERSONS ON TRACK—LICENSEES.

Where defendant railroad company permitted the consignee of a car of fruit to sell it at retail from the car to the public, it was chargeable with knowledge that the consignee was so selling the fruit, and that purchasers would probably be on or close to the adjacent track, and was therefore bound to exercise reasonable care in backing cars on such track to avoid injury to persons who might be on or about the same for the purpose of purchasing fruit from the car.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1236–1237; Dec. Dig. § 358.*]

2. RAILROADS (§ 358*)—PERSONS ON TRACK—INJURIES—LICENSEES.

Where a railroad company permitted the consignee of a car of fruit to sell the same at retail from a side track, persons going on the railroad company's lands to purchase fruit from such car were not trespassers, but were licensees, to whom the railroad company owed the duty not to injure them, but to give reasonable warning of the approach of cars being switched thereon.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1236–1237; Dec. Dig. § 358.*]

3. RAILROADS (§ 400*)—PERSONS ON TRACK—INJURIES—CONTRIBUTORY NEGLIGENCE.

Where a railroad company permitted the consignee of a car of fruit to sell the same at retail from a side track, and plaintiff's intestate and a

---

companion went to the car to purchase fruit, and while there intestate was struck and injured by the negligent backing of certain cars on an adjacent track, he was not negligent as a matter of law in standing as near such adjacent track as he did, while his companion was ascertaining whether the fruit was still on sale.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 400.*]

4. RAILROADS (§ 400*)—PERSONS ON TRACK—DEATH—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for death of plaintiff's intestate by being struck by certain cars backed against him as he was standing on an adjacent track, near a car from which fruit was being sold to the public, whether defendant was negligent *held* for the jury.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 400.*]

Appeal from Trial Term, Tioga County.

Action by Frances Shipman, as administratrix, etc., of Rufus Shipman, deceased, against the Lehigh Valley Railroad Company. From a judgment entered on a nonsuit directed by the court, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and SEWELL, HOUGHTON, and BETTS, JJ.

Charles C. Annabel, for appellant.
Alexander S. Diven, for respondent.

HOUGHTON, J. The action is to recover damages for the negligent killing of plaintiff's intestate. The defendant, in conjunction with the Erie Railroad Company, uses and controls several tracks and sidings in the village of Waverly. These tracks cross Fulton street, one of the principal streets of the village, at which crossing gates are maintained. Plaintiff's evidence tended to show that for some years the defendant had permitted consignees of fruit to sell the same at retail from the car in which it was shipped, standing on one of the side tracks and convenient of access from the Fulton street crossing, and that it was not unusual for a considerable number of people to congregate about the car and upon adjacent tracks for the purpose of purchasing. Two days before the accident in question a car of peaches arrived, and the defendant had placed it in the desired position, and the owner by lettering on the car advertised them for sale at so much per basket. In the course of switching in the freightyard, it had been necessary to move the car from time to time, but it was put back in its accustomed place. Plaintiff's intestate, learning that peaches were being offered for sale, went in company with another onto the Fulton street crossing while the gates were up, and turned up the tracks toward the side door of the fruit car for the purpose of making a purchase. The door was partially open, but it transpired that no one was in the car because the peaches had all been sold, which fact, however, the plaintiff's intestate did not know. While the plaintiff's intestate was standing in front of the partially open door of the fruit car and close to the adjacent track, a train of six or eight freight cars was backed across the Fulton street crossing, as it was proved, without any signal by bell or whistle, at

a considerable speed, knocking him down and rolling him along the track, and inflicting injuries from which he subsequently died. No trainman was stationed on the front of the backing cars to give warning of their approach. We think the learned trial court erroneously granted the defendant's motion for a nonsuit.

[1] Upon the proof presented the defendant was chargeable with knowledge that the consignee of the fruit was selling it at retail from the car in which it was shipped, and that purchasers would probably be upon or close to the adjacent track. It was therefore called upon to exercise care in backing cars upon such track.

[2] Under the circumstances disclosed, the plaintiff's intestate was not a trespasser upon the defendant's lands so as to render the defendant liable only for willful injury to him. He was on such lands by the implied license of the defendant, and it owed him the duty of reasonable care not to injure him and of reasonable warning of the approach of cars that were being switched.

[3] Nor can it be said as matter of law that plaintiff's intestate was guilty of contributory negligence in standing as near the adjacent track as he did while his companion was investigating as to whether or not the peaches were still on sale.

[4] Upon the facts proved, it was for the jury to say whether or not the defendant was negligent, and whether the plaintiff's intestate was guilty of contributory negligence.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except KELLOGG, J., not sitting.

